**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

BRIAN MACK,

                               Plaintiff,                9:17-cv-1146 (BKS/ATB)

v.

RONALD G. WOOD, II, *Sergeant, Clinton Correctional Facility*; JOHN DOE, *Correction Officers #1-3, Clinton Correctional Facility*,

                               Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Brian Mack
15-A-4845
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

*For Defendants:*
Letitia James
Attorney General of the State of New York
Christopher J. Hummel
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff pro se Brian Mack brought this action under 42 U.S.C. § 1983 alleging that Defendant Sergeant Ronald G. Wood II, and John Doe Corrections Officers # 1–3 violated his constitutional rights under the First and Eighth Amendments while he was incarcerated at the Clinton Correctional Facility. (Dkt. No. 39). On April 29, 2019, Defendant Wood moved for

summary judgment on Plaintiff's First Amendment retaliation claim and sought dismissal of the John Doe Defendants. (Dkt. No. 65). Plaintiff filed a response in opposition to the motion. (Dkt. Nos. 69, 70 and 71). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on July 26, 2019, issued a Report-Recommendation recommending that the motion to dismiss the amended complaint as against the John Doe Defendants be granted and that the motion for summary judgment on Plaintiff's First Amendment claim be denied. (Dkt. No. 77). Defendant Wood filed a timely objection to the Report-Recommendation. (Dkt. No. 79).[1] For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25,

---

[1] Plaintiff submitted a letter to the Court, dated August 22, 2019, but it does not contain any objection to Magistrate Judge Baxter's recommendation, and it is therefore not considered here. (Dkt. No. 81).

2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III. DISCUSSION

Defendant moved for summary judgment on the ground that Plaintiff failed to elicit sufficient facts to show a causal nexus between the alleged protected activity and the alleged sexual assault. (Dkt. No. 65-5). In his objection to the Report-Recommendation, Defendant argues that Magistrate Judge Baxter erred because Plaintiff's "self-serving testimony and allegations in his complaint" were insufficient to demonstrate the requisite causal connection for a First Amendment retaliation claim. (Dkt. No. 79, at 3). Magistrate Judge Baxter thoroughly considered, and rejected, that argument in the Report-Recommendation. (Dkt. No. 77, at 14-18). Having reviewed Defendant's objection de novo, the Court concurs in Magistrate Judge Baxter's well-reasoned determination for the reasons set forth in the Report-Recommendation. The Court has reviewed the remainder of the Report-Recommendation for clear error and found none.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 77) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendant's motion to dismiss the amended complaint as against Defendants John Doe Correction Officers #1-3 (Dkt. No. 65) is **GRANTED** and Plaintiff's complaint is **DISMISSED without prejudice** as against Defendants John Doe Correction Officers #1-3; and it is further

**ORDERED** that Defendant Wood's partial motion for summary judgment on Plaintiff's First Amendment claim (Dkt. No. 65) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

Dated: September 4, 2019
       Syracuse, New York