UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN MACK,

                              Plaintiff,

v.
                                                                  9:17-cv-1146 (BKS/ATB)

RONALD G. WOOD, II,

                              Defendant.
_____

**Appearances:**

*For Plaintiff*:
Michael D. Root
Cerio Law Offices
407 S. Warren St., 5th Fl.
Syracuse, NY 13202

*For Defendant:*
Letitia James
Attorney General of the State of New York
Christopher J. Hummel
Lauren Rose Eversley
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

ORDER TO SHOW CAUSE

      Plaintiff Brian Mack brought this action against Sergeant Ronald G. Wood, II asserting claims under 42 U.S.C. § 1983 arising out of an incident on May 23, 2016 while Plaintiff was in custody at Clinton Correctional Facility. (Dkt. No. 1). On September 4, 2019, the Court denied Defendant Ronald Wood's partial motion for summary judgment on Plaintiff's First Amendment retaliation claim. (Dkt. No. 82). On December 9, 2019, the Court appointed Cerio Law Offices as

pro bono counsel for trial. (Dkt. No. 86). Attorney Michael D. Root from the Cerio Law Office appeared as counsel for Plaintiff and, on January 24, 2020, the Court set trial for August 10, 2020. (Dkt. Nos. 87, 88). Trial was rescheduled to October 5, 2020, to accommodate the Defendant's schedule. (Dkt. Nos. 93, 94). On September 8, 2020, in response to the requests of both counsel, and in light of the limitations necessitated by the Covid-19 pandemic, the trial was continued without date. (Dkt. No. 104).

On March 26, 2021, the Court issued a text order resetting trial for December 13, 2021. (Dkt. No. 107). The Court served a copy of this Order on Plaintiff by regular mail at Marcy Correctional Facility, but it was returned as undeliverable. (Dkt. No. 107, 109). On April 5, 2021, the Court issued a text order directing Plaintiff's counsel to "provide the Court with a status report as to Mr. Mack's current location by April 12, 2021." (Dkt. No. 111). The text order further stated that "Plaintiff is reminded of his obligation to keep the Court and all counsel advised of his current address." (*Id.*). A copy of this text order was mailed to Plaintiff at both Marcy Correctional Facility and Queensboro Correctional Facility. (*Id.*). The mailing to the Marcy Correctional Facility was returned as undeliverable. (Dkt. No. 114).

On April 7, 2021, Plaintiff's counsel submitted a status report, advising the Court that Plaintiff was no longer in custody, and that Plaintiff was currently residing at an address in Bronx, New York. (Dkt. No. 112). The Court updated Plaintiff's address on the docket and directed the Court Clerk to re-serve Plaintiff at his updated address with copies of the Court orders resetting the trial date and reminding Plaintiff to keep the Court and counsel advised of his current address. (Dkt. Nos. 113, 107, 111). In accord with the Court's trial order, the parties submitted pretrial submissions on November 29, 2021. (Dkt. Nos. 119-137, 140).

On December 3, 2021, Plaintiff's counsel filed a letter motion seeking to be relieved as counsel and requesting leave to file an ex parte letter/motion to provide "a thorough explanation of the basis" for the motion. (Dkt. No. 138). The Court granted that request, and Plaintiff's counsel accordingly submitted an ex parte motion to withdraw on December 6, 2021. (Dkt. No. 141). Upon reviewing the motion to withdraw, the Court issued an order on December 6, 2021, directing Plaintiff: (1) to call in for a telephone conference on December 8, 2021 at 9:30 a.m. to discuss the motion; and (2) to provide the Court with his current address and telephone number. (Dkt. No. 142). The Court noted that on April 5, 2021, it had reminded Plaintiff of his obligation to keep the Court and counsel advised of his current address, and that he had failed to do so, and warned Plaintiff that "the failure to call into the conference and/or comply with the Orders of this Court may result in the imposition of sanctions including dismissal of his action with prejudice." (*Id.*). The Court further requested that the Court Clerk call Plaintiff at his last known telephone number, 646-399-2995, and read the text order to Plaintiff. (*Id.*). That day, the Court Clerk called this telephone number; however, the individual who answered the phone said that Plaintiff could not be reached at that phone number, that Plaintiff had used this individual's phone once, and that the individual had not seen Plaintiff since then. (*Id.*).

Plaintiff did not call in for the scheduled telephone conference on December 8, 2021. Plaintiff's counsel informed the Court that he has had no contact with Plaintiff since filing the ex parte motion to withdraw, and that the last time they spoke was for a few minutes on November 30, 2021, at Plaintiff's last known phone number. Plaintiff's counsel advised the Court that he does not have any other telephone number for Plaintiff and that it does not appear that Plaintiff lives at the address in the Bronx that Plaintiff's counsel provided to the Court in April 2021.

3

Plaintiff's counsel stated that after sending a letter to Plaintiff at that address, Plaintiff's counsel received a call from Plaintiff's niece, who informed him that although Plaintiff had stayed there for a little while after his release from prison, Plaintiff does not currently live there, and she does not know where he is or have a way to reach him. Plaintiff's counsel does not have any contact information for Plaintiff beyond the telephone number 646-399-2995 and the address in the Bronx. During the telephone conference, defense counsel asked the Court to dismiss this case for failure to prosecute and failure to comply with Court orders.

The Court issued an order on December 8, 2021 scheduling a hearing on the motion to withdraw for the date that had been set for trial, December 13, 2021 at 9:30 a.m., and adjourning the December 13, 2021 trial without date. (Dkt. No. 143). The Court directed Plaintiff to appear in person in Syracuse, New York for the hearing, and warned Plaintiff that "the failure to appear in person and/or comply with the Orders of this Court may result in the imposition of sanctions including dismissal of his action with prejudice." (*Id.*). A copy of this order was sent to Plaintiff by regular mail at the address in Bronx, New York. (*Id.*).

Plaintiff did not appear on December 13, 2021. Plaintiff's counsel stated that Plaintiff has not contacted him and that Plaintiff knew trial was set for December 13, 2021.

Plaintiff is unreachable by either the Court or his counsel; he does not appear to live at his last known address in the Bronx, and it does not appear that the last known phone number belongs to him. He has failed to provide the Court with his updated address despite several reminders of his obligation to do so. (*See* Dkt. Nos. 111, 142). Plaintiff is aware of his obligation to update the Court with his change of address; he has done so on three previous occasions in 2019 and 2020. (Dkt. Nos. 83, 85, 106). Thus, because it appears that Plaintiff has failed to

4

prosecute this action diligently, Plaintiff is ordered to show cause why this action should not be dismissed for failure to prosecute. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); *Benitez v. Taylor*, No. 13-cv-1404, 2014 WL 7151607, at *3, 2014 U.S. Dist. LEXIS 173327, at *6 (N.D.N.Y. Aug. 7, 2014) (recommending dismissal of the complaint for failure to prosecute, explaining that "[s]ince there is no way to contact or locate Benitez, the imposition of a lesser sanction[] would be futile"), *report-recommendation adopted*, 2014 WL 7151607, 2014 U.S. Dist. LEXIS 172553 (N.D.N.Y. Dec. 15, 2014); *Rosa v. Keiser*, No. 10-cv-1313, 2012 WL 2178961, at *1, 2012 U.S. Dist. LEXIS 82529, at *3 (N.D.N.Y. May 14, 2012) (recommending dismissal of former inmate's action for failure to notify the Court of current address), *report-recommendation adopted*, 2012 WL 2178933, 2012 U.S. Dist. LEXIS 81886 (N.D.N.Y. June 13, 2012).

Furthermore, Plaintiff has failed to comply with Court orders to inform the Court and counsel of his current address and to appear for court proceedings. (Dkt. Nos. 111, 142 and 143). Plaintiff is ordered to show cause why this action should not be dismissed for failure to comply with these court orders. Fed. R. Civ. P. 41(b); *Colozzi v. St. Joseph's Hosp. Ctr.*, No. 08-cv-1220, 2010 WL 3433997, at *2, 2010 U.S. Dist. LEXIS 88685, at *4–5 (N.D.N.Y. July 20, 2010) ("[A] party to an action pending in a federal district court . . . is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences . . . The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief."), *report-recommendation adopted*, 2010 WL 3464155, 2010 U.S. Dist. LEXIS 88736 (N.D.N.Y. Aug. 27, 2010).  Accordingly, it is

5

**ORDERED** that Plaintiff shall file and serve, by January 10, 2022, a response to this Order setting forth why this case should not be dismissed for failure to prosecute and failure to follow court orders. N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 41(b).

It is further **ORDERED** that **IF THE COURT DOES NOT RECEIVE A RESPONSE FROM PLAINTIFF ON OR BEFORE JANUARY 10, 2022, <u>THIS ACTION WILL BE DISMISSED</u>**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Order to Show Cause on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 14, 2021

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge

6