UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN MACK,

                              Plaintiff,

v.
                                                          9:17-cv-1146 (BKS/ATB)

RONALD G. WOOD, II,

                              Defendant.
_____

**Appearances:**

*For Plaintiff*:
Michael D. Root
Cerio Law Offices
407 S. Warren St., 5th Fl.
Syracuse, NY 13202

*For Defendant:*
Letitia James
Attorney General of the State of New York
Christopher J. Hummel
Lauren Rose Eversley
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

Plaintiff Brian Mack brought this action against Sergeant Ronald G. Wood, II asserting claims under 42 U.S.C. § 1983 arising out of an incident on May 23, 2016 while Plaintiff was in custody at Clinton Correctional Facility. (Dkt. No. 1). On December 14, 2021, the Court issued an Order to Show Cause directing Plaintiff to file a response by January 10, 2022, setting forth why this case should not be dismissed for failure to prosecute and failure to comply with Court

orders. (Dkt. No. 145). Plaintiff did not respond to this Order. For the reasons set forth below, this action is dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with Court orders.

## II.     PROCEDURAL HISTORY[1]

On March 26, 2021, the Court issued a text order resetting this case for trial on December 13, 2021. (Dkt. No. 107). On April 5, 2021, after a copy of this text order sent to Plaintiff at Marcy Correctional Facility was returned as undeliverable, the Court issued a text order directing Plaintiff's counsel to "provide the Court with a status report as to Mr. Mack's current location by April 12, 2021." (Dkt. No. 111). In that text order the Court reminded Plaintiff "of his obligation to keep the Court and all counsel advised of his current address." (*Id.*). On April 7, 2021, Plaintiff's counsel submitted a status report, advising the Court that Plaintiff was no longer in custody, and that Plaintiff was currently residing at an address in Bronx, New York. (Dkt. No. 112).

The parties filed trial submissions in late November and early December 2021. (Dkt. Nos. 119–137, 140). On December 6, 2021, Plaintiff's counsel filed an ex parte motion to withdraw. (Dkt. No. 141). Upon reviewing the motion to withdraw, the Court issued an order on December 6, 2021, directing Plaintiff: (1) to call in for a telephone conference on December 8, 2021 at 9:30 a.m. to discuss the motion; and (2) to provide the Court with his current address and telephone number. (Dkt. No. 142). The Court warned Plaintiff that "the failure to call into the conference and/or comply with the Orders of this Court may result in the imposition of sanctions including dismissal of his action with prejudice." (*Id.*). The Court further requested that the Court Clerk

---

[1] The Court assumes familiarity with the facts and procedural history set forth in the Court's December 14, 2021 Order to Show Cause and therefore does not repeat them all here. (Dkt. No. 145).

2

call Plaintiff at his last known telephone number, 646-399-2995, and read the text order to Plaintiff. (*Id.*). That day, the Court Clerk called this telephone number; however, the individual who answered the phone said that Plaintiff could not be reached at that phone number.

Plaintiff did not call in for the telephone conference on December 8, 2021. During the conference, Plaintiff's counsel informed the Court that he had had no contact with Plaintiff since they last spoke on November 30, 2021, at Plaintiff's last known phone number, 646-399-2995. Plaintiff's counsel advised the Court that he had been informed by Plaintiff's niece that although Plaintiff had stayed at the address in the Bronx for a little while after his release from prison, he did not currently live there. Plaintiff's counsel did not have any contact information for Plaintiff beyond the telephone number 646-399-2995 and the address in the Bronx. During the telephone conference, defense counsel asked the Court to dismiss this case for failure to prosecute and failure to comply with Court orders.

The Court issued an order on December 8, 2021 scheduling a hearing on the motion to withdraw for the date and time that had been set for trial, December 13, 2021, at 9:30 a.m. (Dkt. No. 143). The Court directed Plaintiff to appear in person in Syracuse, New York for the hearing, and warned Plaintiff that "the failure to appear in person and/or comply with the Orders of this Court may result in the imposition of sanctions including dismissal of his action with prejudice." (*Id.*). A copy of this order was sent to Plaintiff by regular mail at the address in Bronx, New York. (*Id.*).

Plaintiff did not appear for the hearing on December 13, 2021. Plaintiff's counsel informed the Court that Plaintiff had not contacted him and that Plaintiff knew that trial had been set for December 13, 2021. Later that day, Plaintiff's counsel submitted a status report to the Court, stating that following the motion hearing, Plaintiff left a message with counsel's office

3

stating that he could not afford to appear in Syracuse, did not have a telephone, and wished to be contacted through his case manager. (Dkt. No. 144). Plaintiff's counsel contacted Plaintiff's post release supervision case manager, who advised that she did not have any way to reach Plaintiff. (*Id.*). She explained that although her office had provided Plaintiff with two cell phones, she believed he had sold them both and, in accord with her office's policy, she could not provide him with another phone. (*Id.*). She informed counsel that if Plaintiff appeared in her office, she would advise him to call counsel as well as the Court. (*Id.*). Counsel stated that he would keep the Court apprised of any further contact with Plaintiff; the Court has not received any updates from counsel. (*Id.*).

On December 14, 2021, the Court issued an Order to Show Cause directing Plaintiff to file a response by January 10, 2022, setting forth why this action should not be dismissed for failure to prosecute and failure to follow court orders under N.D.N.Y. L.R. 41.2(a) and Fed. R. Civ. P. 41(b). (Dkt. No. 145, at 4–6). The Order warned Plaintiff that failure to respond would result in dismissal of this action. (*Id.* at 6). The Order was sent to Plaintiff by mail at his last known address in the Bronx. (*See id.*). Plaintiff has not responded to the Court's Order to Show Cause.

### III.    DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his

4

> day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted).

When determining whether dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal under Rule 41(b) is warranted under the circumstances of this case. First, Plaintiff has been unreachable by the Court and his counsel, resulting in delay of this action; the Court has had to adjourn the December 13, 2021 trial without date. (Dkt. No. 143). Second, Plaintiff was given notice that failure to prosecute or comply with Court orders, including keeping the Court and all counsel apprised of his current address, could result in dismissal of this case on several occasions. (Dkt. Nos. 111, 142, 143, 145). Third, Defendant would likely be prejudiced by Plaintiff's failure to prosecute this action and comply with Court orders, delaying trial indefinitely in this case that has been pending for over four years. Fourth, while the Court is mindful of Plaintiff's right to be heard, because he has failed to file a response to the Court's Order to Show Cause, (Dkt. No. 145), failed to provide the Court with his updated address or telephone number despite several reminders of his obligation to do so, (*see* Dkt. Nos. 111, 142), failed to appear for court

proceedings despite Court directives, (Dkt. Nos. 142, 143), and has provided no indication that he intends, at this point, to pursue this action, the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. Fifth, where, as here, Plaintiff remains unreachable and has repeatedly failed to comply with Court orders, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, the Court finds that dismissal is warranted.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to prosecute and failure to comply with Court orders; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: <u>January 13, 2022</u>
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge